

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2007

# USA v. Young

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Young" (2007). *2007 Decisions.* Paper 1124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2311

_____

UNITED STATES OF AMERICA


v.

SHARIF YOUNG,

Appellant


_____


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00716)
District Judge: Honorable R. Barclay Surrick

_____


Submitted Under Third Circuit LAR 34.1(a)
April 19, 2007

Before: McKEE and AMBRO, Circuit Judges,
MICHEL,[*] Chief Judge

(Opinion filed:  May 9, 2007)


_____


OPINION

_____

---

[*] Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the
Federal Circuit, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Sharif Young was convicted by a jury of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Young appeals the District Court's denial of hiss pre-trial motion to suppress a statement he made while in custody and eventually used against him at his trial.[1] Young argues that admitting the statement in evidence violated his privilege against self-incrimination set out in *Miranda v. Arizona*, 384 U.S. 436 (1966).

The facts found by the District Court are straightforward and not clearly erroneous.[2] After Detective Christopher Gilman had read Young his *Miranda* warnings and inquired whether he wanted to make a statement, Young said that he "didn't want to sign anything." Detective Gilman responded, "Well, . . . I guess that means you really don't want to . . . give me a statement in reference to this matter." Young then asked what he was being charged with, and Detective Gilman told him. According to Detective Gilman, Young then said that "Jason was trying to shoot him with an AK-47 and that he shot at Jason numerous times because Jason was trying to shoot him."

After our own review, we find that we have little to add to the District Court's

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

[2] We review the facts underlying a district court's evidentiary rulings for clear error and exercise plenary review over the legal conclusions properly drawn from the facts. *United States v. Lockett*, 406 F.3d 207, 211 (3d Cir. 2005); *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

2

thorough analysis. *See United States v. Young*, No. 04-CR-00716, 2005 WL 2789185 (E.D. Pa. Oct. 25, 2005). Even assuming that Young had asserted his right to remain silent—a fact that is far from clear given the Supreme Court's decision in *North Carolina v. Butler*, 441 U.S. 369, 373 (1979) (holding that waiver of the right to remain silent can be inferred from a defendant's apparent willingness to talk, despite refusing to sign a written waiver)—his statement was not made as a result of custodial interrogation. *See Rhode Island v. Innis*, 446 U.S. 291 (1980). Rather, Young gave his incriminating statement spontaneously and voluntarily after Detective Gilman answered a benign, factual question put by the Young himself. *See McGowan v. Miller*, 109 F.3d 1168, 1170–71, 1175 (7th Cir. 1997); *United States v. Taylor*, 985 F.2d 3, 6–8 (1st Cir. 1993); *United States v. Jackson*, 862 F.2d 1168, 1172 (4th Cir. 1989).

We therefore affirm Young's conviction for the reasons given by the District Court.